UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRAIG S. OWENS-PENITSKI | CIVIL ACTION |
| VERSUS | NO. 07-8108 |
| AUTO CLUB FAMILY INSURANCE COMPANY, ET AL | SECTION "C" (3) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' petition concerns unpaid Katrina-related losses allegedly covered under a homeowner's policy issued by the defendant.  This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena

Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The removing defendant, Auto Club Family Insurance Company ("ACFIC") has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.  Its argument is based on the plaintiffs' failure to answer a Request for Admission that the jurisdictional amount exceeded the jurisdictional minimum within 15

days, thereby deeming the Request for Admissions admitted under La. Civ. Code. Art. 1467. (Rec. Doc. 9). The Court construes this argument as another species of consent, and it is clear that the parties may not consent to this Court's subject matter jurisdiction. The plaintiff maintains that the value of the claim was not established at the time of removal, that counsel never received the Request for Admissions, and that the plaintiffs have received $145,643 in flood payments and $17,174 under the homeowner's policy. (Rec. Doc. 12). This Court has repeatedly held that because insurance policies are contracts of indemnity, any recovery is subject to offset by payments received under flood insurance policies under certain circumstances. See e.g. *Reeves v. State Farm Insurance Co.*, 2007 WL 2264434 (E.D.La.). See also *Esposito v. Allstate Insurance Co.*, 2007 WL 1125761 (E.D.La.)(J. Zainey); *Weiss v. Allstate Insurance Co.*, 2007 WL 891869 (E.D.La.)(J. Vance).[1] Under these circumstances, the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal

---

[1] The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).[2]

New Orleans, Louisiana, this 7th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Although the parties should have briefed the viability of any claim against the non-diverse defendant, the Court is remanding this matter based on the lack of the jurisdictional amount alone.  The Court does not address whether the claim against the non-diverse party is properly joined with the claim against the insurer or whether the claim is otherwise viable.